**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.: _____

STEPHANIE N. HANKERSON and
YOLANDA S. ROBINSON,

        Plaintiffs,

vs.

BIO-REFERENCE LABORATORIES,
INC., a foreign corporation; FLORIDA
CLINICAL LABORATORY, INC., a
Florida corporation; MERIDIAN
CLINICAL LABORATORY, CORP., a
Florida corporation, all d/b/a
GENPATH/GENPATH BIOREFERENCE
LABORATORIES; and, BRIAN D.
LIEBERBERG,

        Defendants.
_____

**NOTICE OF REMOVAL**

Defendant, BIO-REFERENCE LABORATORIES, INC., ("Bio-Reference"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-entitled action,  Case No. 2015CA000904, from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, West Palm Beach Division.  The removal of this action is based upon the following:

This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship.

In support of its Notice of Removal, Bio-Reference states to the Court as follows:

**JURISDICTION AND VENUE ARE PROPER**

1.      This is a civil action over which this Court has original jurisdiction based on

diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Bio-Reference pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391 and 1446.

## STATUS OF PLEADINGS AND PROCESSES

3.      This lawsuit arises out of Plaintiffs Stephanie N. Hankerson ("Ms. Hankerson") and Yolanda S. Robinson's ("Ms. Robinson") (collectively referred to as "Plaintiffs") employment with Bio-Reference.

4.      On January 22, 2015, Plaintiffs filed a Complaint in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, entitled *Stephanie N. Hankerson and Yolanda S. Robinson v. Bio-Reference Laboratories, Inc., a foreign corporation; Florida Clinical Laboratory, Inc., a Florida corporation; Meridian Clinical Laboratory, Corp., a Florida corporation, all d/b/a GenPath/GenPath Bio-Reference Laboratories; and Brian D. Lieberberg*, designated as Case No. 2015CA000904 (hereinafter, the "Complaint").  Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint.

5.      The Complaint sets forth seven causes of action: (1) Intentional or Reckless Infliction of Emotional Distress; (2) Negligent Infliction of Emotional Distress; (3) Common Law Batteries; (4) Civil Assaults; (5) Negligent Supervision; (6) Negligent Retention; and (7) Violation of the Florida Civil Rights Act of 1992, Sections 760.01-760.11, Fla. Stat. Sexual/Racial Harassment/Discrimination. [1] (*See* Compl., *passim*)

6.      On May 29, 2015, Defendants Bio-Reference, Florida Clinical Laboratory, Inc.,

---

[1] Although, Plaintiffs' Complaint alleges twenty counts, of those Counts eight thru twenty are repetitive.

Florida Meridian Clinical Laboratory, Corp., and GenPath were served with a copy of the Summons, Complaint,   Civil Case Cover Sheet,   Notice of Taking Video Depositions, Interrogatories,  Plaintiffs' First Request for Production and the Equal Employment Opportunity Commission Charge ("EEOC") with supporting letters. Attached hereto as Exhibit "B" are true and correct copies of the aforementioned documents.

7.    To date, Defendant Brian Lieberberg has not been served with Plaintiffs' Complaint and/or attachments.[2] *See* Declaration of Amber M. Spataro ("Spataro Decl."), ¶ 4 filed in support of, and concurrently, herewith.

8.    The documents attached as Exhibits "A" and "B" constitutes all of the papers and processes that have been filed or received in this action.  To the best of Defendant's knowledge, no further documents from the state court action have been filed by Plaintiffs.  Nor have any other documents been filed in the state court action by Defendants.  The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

## <u>NOTICE TO STATE COURT AND PLAINTIFFS' COUNSEL</u>

9.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of Florida,  the Notice of Filing of Notice of Removal, will be served upon Plaintiffs' counsel and filed with the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County,  Florida as required by 28 U.S.C. § 1446(d).

## <u>DEFENDANT'S REMOVAL IS TIMELY</u>

10.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Defendant Bio-Reference filed this Notice within 30 days after receiving the Summons and Complaint.

---

[2] Plaintiffs' time to serve Defendant Brian Lieberberg has elapsed according to Florida Rules of Civil Procedure, Rule 1.070(j).

### DIVERSITY OF CITIZENSHIP EXISTS

11.     The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).

12.     Diversity of citizenship exists so long as no plaintiff is the citizen of the same state as any defendant at the time the action was filed and at the time of removal. 28 U.S.C. § 1441(a).

13.     **Plaintiffs' Citizenship**:     Citizenship of a natural person is established by domicile.  28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).   A person's domicile is established by physical presence and intent to remain indefinitely.  *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002); *see also Melian v. I.N.S.*, 987 F.2d 1521, 1524 (11th Cir. 1993) (The court stated, "[domicile] it is generally understood to mean the place where an individual establishes both physical presence and an intent to remain indefinitely.")

14.     At the time this action was commenced and at the time of removal, Plaintiffs, Stephanie N. Hankerson and Yolanda S. Robinson, were citizens of the state of Florida and residents of Palm Beach County.  (Compl. ¶¶ 2- 3.)

15.     As such, Plaintiffs reside in the state of Florida with the intent to remain and are citizens of that State for purposes of the instant jurisdictional analysis.  *See Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) *citing McCormick v. Aderholt,* 293 F.3d 1254, 1258 (11th Cir.2002) ("Domicile requires both residence in a state and an intention to remain there indefinitely....").

16.     **Bio-Reference Laboratories Inc**.:     For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has

its principal place of business."  28 U.S.C. § 1332(c)(1).

17.     The United States Supreme Court held that the "principal place of business is the state where a corporation's officers direct, control, and coordinate the corporation's activities, *i.e.*, the corporation's nerve center."  *Hertz Corp. v. Friend et al.,* 559 U.S. 77 (2010) (adopting the "never center" test for purposes of determining a corporation's principal place of business). The Court noted that, in practice, the principal place of business should normally be the place where the corporation maintains its headquarters.  *Id.* at 93.

18.      In this action, Plaintiff admits that Bio-Reference is a corporation incorporated in the State of New Jersey and which is presently, and was at the time of the commencement of this suit, and remains headquartered in Elmwood Park, New Jersey. (Compl. ¶ 4).  Therefore, Bio-Reference is a citizen of the state of New Jersey for the purposes of determining citizenship.

19.     Accordingly, because Plaintiffs are citizens of Florida and Bio-Reference is a citizen of New Jersey, complete diversity of citizenship exists between these parties.

## NO JOINDER OF DEFENDANT BRIAN LIEBERBERG IS REQUIRED BECAUSE HE WAS NEVER SERVED WITH THE SUMMONS AND COMPLAINT AND IT IS TOO LATE TO DO SO

20.     Parties not properly served and un-served parties do not need to be joined to the removal.  *See Goodwin v. Reynolds*, 757 F.3d 1216, 1220-21 (11th Cir.  2014), *citing* 28 U.S.C. § 1441(b) (2006) ("The forum-defendant rule applies only if a forum defendant has been properly joined *and* served."); *White v. Bombardier Corp.*, 313 F.Supp.2d 1295, 1299 (N.D. Fla., 2004) ("Removing defendant need not obtain consent of a defendant who has not yet been served with process.").

21.     At this time, Defendant Brian Lieberberg ("Lieberberg") has not been served.  *See*

Spataro Decl., ¶ 4.  Thus, no other defendants need to be joined in this removal.[3]

22.     Furthermore, Bio-Reference is informed and believes that Mr. Lieberberg is no longer residing or working in the State of Florida, hence, he is no longer a citizen of Florida and subject to the jurisdiction of its Courts.  *See* Spataro Decl., ¶ 4.

23.     In any event, it is too late for Plaintiffs to serve Defendant Lieberberg.   The Florida Rules of Civil Procedure, Rule 1.070(j) state:

> Summons; Time Limit -  "If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party…" Fl R. Civ. P. 1.070(j).

24.     Accordingly, Defendant Bio-Reference respectfully request that the Court dismiss the action without prejudice as to Defendant Lieberberg or drop him as a party.

## THE REMAINING CORPORATE DEFENDANTS ARE SHAM DEFENDANTS INCLUDED SOLELY AND FRAUDULENTLY TO DEFEAT DIVERSITY

25.     Pursuant to 28 U.S.C. § 1446(b), Defendants Florida Clinical Laboratory, Inc.; Meridian Clinical Laboratory, Corp., and GenPath (collectively referred to as the "Corporate Defendants") consent to this removal.

26.     In a transparent attempt to destroy the Court's diversity jurisdiction, Plaintiffs has fraudulently joined as defendants: Florida Clinical Laboratory, Inc.; Meridian Clinical Laboratory, Corp., and GenPath (collectively referred to as the "Corporate Defendants"). (Compl. ¶ 3, 5, and 6.)   These Corporate Defendants' citizenship should be disregarded for purposes of evaluating diversity jurisdiction.

27.     It is well settled that "when a plaintiff names a non-diverse defendant solely in

---

[3] While the consent of a fraudulently-joined defendant (as discussed in more detail herein) is not required, Defendants Florida Clinical Laboratory, Inc., Meridian Clinical Laboratory, Corp., and GenPath consent to the instant removal.  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Washington National Insurance Co., Conseco Services LLC*, 454 F.3d 1278, 1281 (11th Cir. 2006); *see also Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) ("The plaintiff is said to have effectuated a 'fraudulent joinder,' and a federal court may appropriately assert its removal diversity jurisdiction over the case.")

### THE SHAM CORPORATE DEFENDANTS ARE NOT, AND HAVE NEVER BEEN, EMPLOYERS OF PLAINTIFFS OR DEFENDANT LIEBERBERG

28.     Under Florida and federal law, respondeat superior is required in order for an **employer** to be liable for discrimination or harassment perpetrated toward or by, or the intentional/negligent torts of, an employee. *City of Miami v. Simpson,* 172 So.2d 435, 437 (Fla. 1965*); see also Liberty Mutual Insurance Co. v. Electronic Systems, Inc.,* 813 F. Supp. 802, 806 (S.D. Fla. 1993).

29.     However, in this instant action, Plaintiffs have never been employed by any of the above Florida Corporate Defendants.[4]  In fact, all of Plaintiffs' personnel files and employment application forms vividly state at the top-center of the page in bold writing "**Bio-Reference Laboratories, Inc.**"  *See* Spataro Decl., ¶ 5, Exh. 1, personnel files of Yolanda Robinson and Stephanie Hankerson.   Notably, Plaintiffs signed and completed employment application and direct deposit forms that unambiguously states "**BioReference Laboratories, Inc.,**" with accompanying address, 481 Edward H. Ross Drive, Elmwood Park, N.J. 07407.  *See id.*).

30.     Importantly, prior to Plaintiffs filing the Complaint Plaintiffs filed an Equal Employment Opportunity Commission ("EEOC") Charge listing "Bio-Reference" as employer and **not** identifying any of the other Corporate Defendants.  (*See id.*, at Exh. 2).

31.     Plaintiffs' attempt to circumvent the issue of diversity by grouping together Bio-Reference Laboratory, Inc., Florida Clinical Laboratory, Inc., Meridian Clinical Laboratory,

---

[4] Although, Plaintiffs' Complaint states that Hankerson and Robinson were employed by GenPath, it is entirely false. (Compl. ¶¶ 2 - 3.)

Corp. and GenPath as "joint/single employers of Plaintiffs" (Compl. ¶13.) is a sham where document after document in Plaintiffs' respective personnel files clearly and unequivocally shows that Bio-Reference – and no one else – was Plaintiffs' employer.   *See* Spataro Decl., ¶ 5, Exh. 1.   Simply put, there is absolutely no evidence or basis for Plaintiff to allege that anyone other than Bio-Reference employed the Plaintiffs.[5]

32.     Plaintiffs at all relevant times were employees of Bio-Reference. *See* Spataro Decl., ¶ 2.   Similarly, Defendant Brian Lieberberg was never employed by any of the Corporate Defendants.   At all relevant times, Mr. Lieberberg was an employee of Bio-Reference.   *See* Spataro Decl., ¶ 3.

33.     In sum, it is patently clear that Plaintiffs sole purpose in identifying the Corporate Defendants in her state court complaint was to destroy diversity.     Accordingly, because Plaintiffs and Mr. Lieberberg were never employed by the Corporate Defendants, said defendants should be disregarded for purposes of evaluating diversity jurisdiction.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

34.     Although Plaintiffs' Complaint is silent as to the total amount of damages claimed, where the jurisdictional amount is not facially apparent from the Complaint, the Court may consider facts set forth in the removal petition.  *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).  The amount in controversy requirement is satisfied in this case because the calculation of Plaintiffs' purported damages, exclusive of interest and costs, exceeds $75,000.

35.     In Plaintiffs' Complaint, Plaintiffs seeks damages in excess of $15,000.00 and requests:  "loss wages and earning potential, loss of earning capacity, front and back pay, compensatory damages, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, psychological and emotional injuries, medical and psychological bills and

---

[5] Indeed, to the extent Plaintiffs insist on perpetuating this charade with respect to the Corporate Defendants, Bio-Reference respectfully requests permission to file a Rule 11 Motion against Plaintiffs and her counsel.

expenses, costs, prejudgment interest, loss of dignity, exemplary damages, punitive damages and attorney fees and costs." (Compl., *passim*)[6]

36.    In addition, Plaintiffs seek front pay damages, which must also be considered in assessing the amount-in-controversy.  *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000); *Brown v. Cunningham Lindsey U.S., Inc.* 2005 WL 1126670 * 4 (M.D. Fla. 2005) (crediting one year of back pay *plus* one year of front pay, as a conservative measure of potential lost wages in a wrongful termination case).

37.    Plaintiffs also seek compensatory damages for "mental anguish, loss of capacity for the enjoyment of life, and loss of dignity."  (*See* Compl., *passim*).  Compensatory damages may include a variety of intangible, non-economic losses that potentially exceed the jurisdictional minimum.  *See generally*, *Bartley v. Starwood Hotel & Resorts Worldwide, Inc*. 2007 WL 2774250 (S.D. Fla. 2007) (general allegations of pain, mental anguish, scarring, disfigurement, loss of enjoyment of life, medical expenses, etc. sufficient to put defendant on notice that jurisdictional minimum was satisfied).   Even "garden-variety" compensatory damages in employment discrimination cases may significantly increase the amount in controversy.   *Brown v. Cunningham Lindsey,* 2005 WL 1126670 * 5 (*citing   Munoz v. Oceanside Resorts, Inc*., 223 F. 3d 1340, 1348-49 (11th Cir. 2000)).

38.    Plaintiffs also assert entitlement to punitive damages, which are permitted by the Florida Civil Rights Act, up to a maximum of $100,000.  Fla. Stat.  §§ 760.11(5).   Thus, any potential award of punitive damages and attorney's fees against Bio-Reference is correctly included in determining the amount in controversy.

39.    Lastly, Plaintiffs assert entitlement to recovery of attorney's fees, and a reasonable estimate of such fees is included in assessing the amount in controversy. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000) ("When a statute authorizes the recovery of

---

[6] Bio-Reference does not, by this calculation, concede that Plaintiffs' claims have merit.  Bio-Reference provides the calculation only to demonstrate that the amount in controversy, based on the relief sought in Plaintiffs' Complaint, exceeds $75,000 when viewed in the aggregate.

attorney's fees, a reasonable amount of those fees is included in the amount in controversy"). This Court can take judicial notice that attorney's fees sought in similar employment termination cases in the Southern District of Florida routinely approach or exceed the $75,000 threshold. *See Alshakanbeh v. Food Lion, LLC*, 2007 WL 917354 * 2 (estimate of $40,000 for attorney's fees in Jacksonville employment discrimination case was "conservative"). Given the scope of Plaintiffs' allegations, "garden variety" attorney's fees of $75,000, are a reasonable estimate of this potential component of the amount in controversy in this case.

40.     Therefore, while Bio-Reference denies Plaintiffs' claims of wrongdoing, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy on removal. *See South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (a defendant needs only to establish by a preponderance of the evidence that the plaintiff's claims exceed the jurisdictional minimum when the complaint is silent as to the amount of damages claim).

41.     WHEREFORE, having provided notice as required by law and based on the above, the above-entitled action should hereby be removed from the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to this honorable District Court.

Dated:  this 29th day of June 2015.              Respectfully submitted,

By: *s/Patrick G. DeBlasio, III*
    Patrick G. DeBlasio, III
    Florida Bar No.: 0871737
    E-mail: pdeblasio@littler.com
    LITTLER MENDELSON, P.C.
    Wells Fargo Center
    333 SE 2nd Avenue, Suite 2700
    Miami, FL  33131
    Telephone:  305.400.7500
    Facsimile:   305.675.8497
    Attorneys for Defendant Bio-Reference
    Laboratories, Inc., Florida Clinical
    Laboratory, Inc.; Meridian Clinical
    Laboratory, Corp., and GenPath

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.: _____

STEPHANIE N. HANKERSON and
YOLANDA S. ROBINSON,

       Plaintiffs,

vs.

BIO-REFERENCE LABORATORIES,
INC., a foreign corporation; FLORIDA
CLINICAL LABORATORY, INC., a
Florida corporation; MERIDIAN
CLINICAL LABORATORY, CORP., a
Florida corporation, all d/b/a
GENPATH/GENPATH BIOREFERENCE
LABORATORIES; and, BRIAN D.
LIEBERBERG,

       Defendants.
_____

**NOTICE TO ADVERSE PARTY OF REMOVAL**

TO:   **William M. Julien, Esq.**
      **William M. Julien, P.A.**
      **The Milan – Suite 550**
      **1675 North Military Trail**
      **Boca Raton, FL 33486**
      **Attorney For Plaintiffs**

PLEASE   TAKE   NOTICE   that   Defendant   Bio-Reference   Laboratories,   Inc.

("Defendant"), in the action filed in the Fifteenth Judicial Circuit in and for Palm Beach County,

Florida, bearing Case No. 2015CA000904, has filed a Notice of Removal to the United States

District Court for the Southern District of Florida on this 29th day of June, 2015 pursuant to 28

U.S.C. §§1441 and 1446.  A copy of such Notice of Removal is attached hereto.

By: *s/Patrick G. DeBlasio, III*

Patrick G. DeBlasio, III
Florida Bar No.: 0871737
E-mail: pdeblasio@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Telephone:     305.400.7500
Facsimile:     305.675.8497
Attorneys for Defendant Bio-Reference
Laboratories, Inc., Florida Clinical
Laboratory, Inc.; Meridian Clinical
Laboratory, Corp., and GenPath

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of June 2015, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day via Federal Express on attorney for Plaintiffs, William M. Julien, Esq., William M. Julien, P.A., The Milan – Suite 550, 1675 North Military Trail, Boca Raton, FL 33486.

*/s/ Patrick G. DeBlasio, III*
Patrick G. DeBlasio, III